**TWIN CITY FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee,**

v.

**TRANSAMERICA INSURANCE COMPANY, Appellant.**

**No. 73-1367.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1973.

Decided Feb. 14, 1974.

Robert S. McKenzie, Kansas City, Mo., for appellant.

Keith Witten, Kansas City, Mo., for appellee.

Before MEHAFFY, Chief Judge, WEBSTER, Circuit Judge, and HARPER, Senior District Judge.*

MEHAFFY, Chief Judge.

This is a diversity action involving Missouri law brought by plaintiff Twin City Federal Savings & Loan Association against defendant Transamerica Insurance Company under a savings and loan blanket bond. The paramount issues involve: (1) the applicability of the election of remedies defense; (2) the propriety of a district court entering judgment on the basis of a statement of questions of law submitted by the parties. The district court found the election of remedies defense inapplicable and entered judgment for plaintiff on the basis of a submission by the parties of a statement of questions of law. For reasons hereinafter set forth we affirm the district court as to the inapplicability of the election of remedies defense but vacate and remand as to the judgment entered for the plaintiff on the basis of the court's conclusions of law and findings of fact.

Because of the complexity of this case a more extensive discussion of the facts is set forth which will make for a better understanding of the issues involved.

Twin City Federal Savings & Loan Association (hereinafter "Twin City") is a federally chartered savings and loan association that was insured under a blanket savings and loan bond issued by a predecessor company of Transamerica Insurance Company (both companies hereinafter referred to as "Transamerica"). Twin City advanced construction loan moneys to Investment Corporation of Missouri in 1961 taking as security liens on eight lots. Later that year after both the maker and assignor of the notes became insolvent, Twin City learned that there were prior liens on the eight lots. These prior liens were subsequently foreclosed and the subject

loans made by Twin City totaling $61,120.25 never repaid.

Prior to the loans being made, Investment Corporation of Missouri submitted mortgagee interim title insurance binders to Twin City which had been issued by American Title Insurance Company (hereinafter "American Title"). When the subsequent payouts were requested, Investment Corporation of Missouri submitted disbursement memoranda to Twin City which also appeared to have been issued by American Title. Neither the title insurance binders dated December 29, 1960, nor the disbursement memoranda dated February 2, 1961, disclosed the prior existing liens. The binders were signed by Dan Hayes who had been a registered agent of American Title since April 29, 1959. The disbursement memoranda purported to update the title binders and were also signed by Dan Hayes but in a different manner in that it was not clear whether he signed as a validating officer of American Title or as an officer of Title Facilities, Inc. Title Facilities, Inc. is a title company incorporated by Dan Hayes and two others on January 18, 1961, and was at no time authorized to serve as an agent of American Title. On February 13, 1961 American Title mailed a letter of cancellation of Hayes' license to the Insurance Commission of Missouri which became effective on the Commission's records on February 15, 1961.

Twin City mailed notice of probable loss under the savings and loan blanket bond to Transamerica on March 27, 1962 and a statement of loss totaling $170,610.25 * on July 16, 1962. By letter dated March 14, 1963 Transamerica responded by letter to Twin City's attorneys advising that in its view there was no coverage under the bond and, even if there were, United Pacific, as well as American Title, should precede them.

On September 11, 1962 Twin City filed an action against American Title

---

* The Honorable ROY W. HARPER, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

* This amount includes losses from other construction loans not here relevant.

by a complaint containing two counts. The first sought recovery for breach of the title insurance contract. The second count sounded in tort alleging negligence on the part of American Title in examining the title to the subject eight lots. On October 16, 1963, in response to Twin City's request for admissions, American Title raised the question of Dan Hayes' authority as a validating officer at the time the disbursement memoranda were executed. Twin City amended its complaint on November 15, 1963 by adding a third count which alleged that Dan Hayes was clothed with actual and apparent authority from American Title when he fraudulently misrepresented to Twin City that the eight lots were free of encumbrances. Consequently, American Title amended its answer to each of the three counts on November 26, 1963 by asserting that Twin City knew or should have known that the disbursement memoranda were not prepared by authorized agents of American Title. The parties entered into a compromise settlement with Twin City receiving $32,500.00 and the action was dismissed by order filed December 31, 1963.

On February 7, 1963 Twin City instituted a suit against United Pacific Insurance Company under a fiscal agent's bond which was settled on April 28, 1965 for $60,000.00. Of this amount $15,540.-00 was allocated to the losses on the loans secured by the eight lots.

Twin City then initiated this action by complaint filed April 20, 1966 seeking recovery from Transamerica under its savings and loan blanket bond for its total losses less the applicable amounts received from American Title and United Pacific. The complaint was accompanied by Twin City's demand for a jury trial. The parties stipulated to certain facts and filed cross motions for partial summary judgment on the issue of coverage under the fraud and dishonesty insuring clause. The bond excludes from the fraud and dishonesty insuring clause any losses resulting from the nonpayment of loans. The trial court granted partial summary judgment in favor of Transamerica and Twin City appealed. The judgment was affirmed by this court on July 25, 1969 and is reported at 413 F.2d 494. Twin City continued with the action claiming a right of recovery on the basis of forgery. Transamerica raised the defense of election of remedies and the parties submitted this issue to the court on stipulation pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. By memorandum and order filed April 23, 1971 the district court held that the doctrine of election of remedies was not applicable to the stipulated circumstances of this case and ordered pretrial proceedings to resume. The parties entered into further stipulations of uncontroverted facts and waiver of objections to admissibility of exhibits on the ground of lack of identification and submitted issues of law to the district court on June 23, 1971 on the basis of stipulated facts. On December 29, 1972 the district court made several findings of fact and conclusions of law and judgment was entered for Twin City in the amount of $40,226.84. Twin City's motion to increase the judgment by $2,592.-93 for additional interest was granted. Transamerica's motion for a new trial was denied and appeal then made to this court.

Transamerica's arguments fall into two categories: (1) that the district court erred in ruling that Twin City had not made an election of remedies in bringing and recovering in two prior suits; and (2) that the court erred in its findings of fact, conclusions of law and disposition of the case on the basis of the issues submitted to it by stipulation.

I

The doctrine of election of remedies has long been recognized in Missouri law and is defined as follows:

"Election is simply what the term imports—a choice shown by an overt act between two or more inconsistent rights, either of which may be asserted at the will of the chooser alone.

\* \* \* The doctrine is applicable where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction and, being cognizant of his legal rights and of such facts as will enable him to make an intelligent choice, brings his action by one of the methods. Under such circumstances, the law says he shall not thereafter adopt the alternate remedy, for a suitor cannot pursue a remedy which predicates his case upon one theory of right and thereafter seek a remedy inconsistent with such prior proceeding." 18 Am.Jur., Election of Remedies, § 3, pp. 129, 130.

Berger v. Mercantile Trust Co., 352 S.W.2d 644, 647 (Mo.1961).

The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong. 25 Am.Jur.2d Election of Remedies, § 1, p. 647 (1966).

■ Transamerica contends that the doctrine should apply to bar Twin City from obtaining any recovery under the forgery clause of the blanket bond. Although Transamerica argues that Twin City made an election in the American Title and United Pacific Insurance Company cases, Transamerica admits that United Pacific involved other issues. The crux of Transamerica's argument is that Twin City's suit against American Title rested squarely on the proposition that the disbursement memoranda were executed by an authorized agent of American Title. Therefore, Twin City should not now be permitted to assert that the disbursement memoranda were forgeries because they were not executed by an authorized agent. The district court held that the defense was inapplicable because there was no inconsistency between Twin City's positions in the American Title suit and the present action. We agree with the district court and affirm its ruling on this issue.

The facts stated hereinabove were before the district court by stipulation when it ruled on this issue. It is obvious on the face of these facts that when Twin City amended its complaint against Transamerica to assert fraudulent misrepresentations it had become aware of American Title's position that execution of the disbursement memoranda was not authorized. This explains the assertion in Count III which was added by the amendment that Dan Hayes was clothed with apparent authority to act as agent for American Title. Recovery from American Title on the basis of apparent authority is not inconsistent with Twin City's present position that the disbursement memoranda were not executed by an agent with actual authority. Nor would recovery for negligence under Count II necessarily be inconsistent with Twin City's present position. It is not disputed that the title insurance binders which failed to disclose the prior liens were validly issued. Although causation would have been a critical issue, it is not inconceivable that American Title could have been held liable to Twin City on this basis alone, even if American Title was not responsible for any negligence with regard to the disbursement memoranda. It cannot be said that Twin City's recovery in the compromise settlement was not on either of these bases. Consequently, the election doctrine fails to apply here for lack of the necessary element of inconsistency. *See* Transit Cas. Co. v. Transamerica Ins. Co., 387 F.2d 1011 (8th Cir. 1967); Davis v. Hauschild, 243 S.W.2d 956 (Mo.1951).

■ It is also worthy of notice that the doctrine requires that the party electing a remedy be cognizant of his legal rights and such facts as will enable him to make an intelligent choice at the time of election. In the action against American Title, Twin City did not become aware of the issue of authorized execution of the disbursement memoranda until approximately a year after the original complaint was filed.

## II

During the course of the pretrial proceedings the parties submitted statements of questions of law to the district court as provided by Rule 20 of the local

court rules. The court made several findings of fact and conclusions of law. The primary issue of law under submission was whether Dan Hayes had authority to execute the subject eight disbursement memoranda. It is obvious from a reading of the district court's conclusions of law that the court correctly ascertained that this was not the decisive issue in the case, but rather the critical question was whether Hayes executed the disbursement memoranda on behalf of Title Facilities, Inc. The court found as a matter of fact that Dan Hayes did not sign the memoranda as an individual but intentionally signed in a manner to create the impression that Title Facilities, Inc. was an agent of American Title, which the court further found as a matter of fact was false and fraudulent. The court went on to conclude as a matter of law that by the manner in which Dan Hayes signed the disbursement memoranda he falsely represented that Title Facilities, Inc. was an agent of American Title and as such constituted forgeries within the meaning of the subject blanket bond.

■ Transamerica argues that the court exceeded the scope of the submission in many of its findings of fact and conclusions of law. We agree. Each of the findings of fact made by the court to which the parties had not stipulated earlier in the pretrial proceedings, and each conclusion of law drawn by the court which was not in answer to issues of law submitted to it, were made in error; for example:

1. The court erred to the extent that it found as a matter of fact that Hayes did not sign as an individual because there were no questions of fact before the court, only issues of law which the court was requested to conclude on the basis of stipulated facts.

2. The court further erred in concluding as a matter of law that Hayes fraudulently represented Title Facilities, Inc. to be an agent of American Title by his manner of execution, inasmuch as this question was not submitted to the

court and remains a question of fact for the jury.

We do not say, however, that this issue or any of the other issues of fact here involved are substantial enough to withstand a motion for summary judgment for that we do not find it necessary or appropriate to decide at this time.

■ Although a district court may assist through pretrial proceedings in sharpening the issues, a court may not pose the issue and then proceed to decide the same without a motion for summary judgment. Twin City argues that the district court should be deemed to have treated the submission as a motion for summary judgment. This may have been the intention of the district court, but, if so, it was error. Rule 56 provides for service of the motion for summary judgment, an opportunity for service of opposing affidavits and a hearing. Fed.R.Civ.P., Rule 56, 28 U.S. C. There is some authority for permitting a district court judge to enter summary judgment sua sponte at the conclusion of a pretrial conference when the pretrial procedures disclose the lack of a disputed issue of material fact and the facts so established indicate an unequivocal right to judgment favoring a party. Wirtz v. Young Electric Sign Co., 315 F.2d 326 (10th Cir. 1963); Green v. Kaesler-Allen Lmbr. Co., 197 Kan. 788, 420 P.2d 1019 (1966). Courts of the eighth circuit have not so viewed the summary judgment procedure but have taken a position of strict compliance with the provisions of the rule. *See* Parmelee v. Chicago Eye Shield Co., 157 F.2d 582 (8th Cir. 1946); Taylor v. Royal Ins. Co., 34 F.R.D. 132 (W.D.Mo. 1963).

The district court also concluded as matters of law that the word "forgery" when used in a savings and loan blanket bond includes an unauthorized signature and that intent to defraud within the meaning of a criminal statute is not a necessary element in establishing forgery under the concerned bond. These conclusions were procedurally proper be-

cause they answered questions which were submitted to the court. As to the substantive correctness of these conclusions we need not decide inasmuch as Transamerica neither raised this issue in its brief nor in oral argument before this court. Trailmobile v. Whirls, 331 U.S. 40, 50, 67 S.Ct. 982, 91 L.Ed. 1328 (1947); Pedicord v. Swenson, 431 F.2d 92, 93 (8th Cir. 1970).

Transamerica argues that the district court erred in its inclusion of prejudgment interest in the judgment entered for Twin City. Due to the disposition which we make of this case, neither this issue nor the propriety of permitting recovery for the loan commitment fees and attorneys' fees incurred in Twin City's collateral litigation are properly before this court.

The determination by the district court that this action is not barred by the doctrine of election of remedies is affirmed. The judgment entered for Twin City on the basis of the findings of fact and conclusions of law made in error is vacated and the cause remanded for further proceedings consistent with this opinion.