Stanford WILLIAMS, Lillian Williams, Ophelia Martin, Evelyn Gray, Helen McGee, Ray McGee, Racheal Anderson, Fannie Stevens, Willie Mae Jones, Ethel Dixon and Original Tiffany Neighborhood Organization, Appellants,

v.

CITY OF ST. LOUIS, Community Development Agency and Midtown Medical Center Redevelopment Corporation, Appellees.

No. 85–1083.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1985.

Decided Jan. 29, 1986.

Rehearing and Rehearing En Banc Denied March 6, 1986.

Kayla Vaughan, St. Louis, Mo., for appellants.

Edward J. Hanlon and Michael G. Biggers, St. Louis, Mo., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

This case involves a challenge to an ordinance enacted by the City of St. Louis granting redevelopment powers, including the power of eminent domain, to Midtown Medical Center Redevelopment Corporation (MMCRC) pursuant to Chapter 353 of the Revised Statutes of Missouri. Plaintiffs-appellants are ten individual homeowners in the redevelopment area and a neighborhood association composed of homeowners in that area. Plaintiffs brought this suit against the City of St. Louis and the Community Development Agency (hereinafter collectively referred to as "the City") and MMCRC under 42 U.S.C. § 1983, seeking declaratory and injunctive relief for alleged constitutional and statutory defects in the redevelopment ordinance. Plaintiffs appeal from the District Court's entry of summary judgment in favor of the City and MMCRC. We reverse.

## I.

Plaintiffs' complaint alleges that City of St. Louis Ordinance 57588 is unconstitutional and violates several federal statutes. Specifically, plaintiffs assert that the ordinance violates the due process clause of the Fourteenth Amendment by failing to provide adequate guidance to MMCRC in establishing rehabilitation standards and also violates the equal protection clause of the Fourteenth Amendment by creating a dual classification of city residents for purposes of property maintenance standards that serves no rational purpose. If property owners in the redevelopment area do not enter into and fulfill rehabilitation agreements in accordance with MMCRC's redevelopment plan, MMCRC can exercise the power of eminent domain granted to it under the ordinance. Additionally, plaintiffs contend that the ordinance violates the Housing and Community Development Act (HCDA), 42 U.S.C. § 5301 et seq., and various civil rights statutes.

The City and MMCRC filed motions to dismiss plaintiffs' complaint. After briefing on this matter, the District Court entered an order converting the motions to dismiss into a joint motion for summary judgment. This order subsequently was vacated and the motions to dismiss were denied. The City then filed a motion for summary judgment, asserting that plaintiffs had not demonstrated (1) any injury in fact, (2) that they had an inadequate remedy under state law, and (3) that the conduct complained of was "under color of state law." The District Court granted summary judgment in favor of both the City and MMCRC, even though MMCRC never filed a motion for summary judgment. The District Court stated that "[p]laintiffs have not provided this Court with any specific facts as to what it is that makes this ordinance an 'unlawful delegation of legislative power' or any case law to support its argument that a municipality is acting under color of state law when a private redevelopment corporation decides the manner under which it will exercise its delegated power of eminent domain." The court further held that plaintiffs would "have ample opportunity to present the matters raised in their complaint in a state action for declaratory and injunctive relief or as defenses to any condemnation proceeding ..." and that any violation of the HCDA must be pursued first through administrative channels.

## II.

### A.

In reviewing the grant of a motion for summary judgment, we bear in mind that entry of summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Plaintiffs do not argue that there are any genuine issues of material fact that make the District Court's grant of summary judgment for defendants inappropriate, but rather that the court erred in its rulings on the controlling issues of law. Our task, therefore, is to assess whether the legal determinations made by the District Court are correct.

### B.

Plaintiffs first contend that the District Court erred by granting summary judgment in favor of MMCRC because MMCRC never moved for summary judgment. MMCRC responds that plaintiffs had adequate notice and opportunity to reply to the arguments presented and that the District Court had authority to reconsider its earlier ruling denying MMCRC's motion to dismiss plaintiffs' complaint. Our review of the record fails to reveal any motion for summary judgment by MMCRC. Further, there is no indication in the record that the District Court was reconsidering its ruling on MMCRC's motion to dismiss.

■ The Federal Rules of Civil Procedure contemplate entry of summary judgment only after a motion by a party. Fed. R.Civ.P. 56(a) & (b). This Court consistently has interpreted rule 56 to mean that "[a]lthough a district court may assist through pre-trial proceedings in sharpening the issues, a court may not pose the issue and then proceed to decide the same without a motion for summary judgment." *Twin City Federal Savings & Loan Association v. Transamerica Insurance Co.,* 491 F.2d 1122, 1126 (8th Cir.1974). The Court further observed that "[t]here is some authority for permitting a district judge to enter summary judgment *sua sponte* ... [but] courts of the eighth circuit ... have taken a position of strict compliance with the provisions of the rule." *Id.* (citations omitted); *see also Denton v. Mr. Swiss of Missouri,* 564 F.2d 236, 241–42 (8th Cir.1977). The fact that plaintiffs in this case may have had adequate notice and an opportunity to respond to the issues raised in the summary judgment ruling is irrelevant because our previous decisions demand "strict compliance" with rule 56. *Twin City,* 491 F.2d at 1126; *Denton,* 564 F.2d at 241–42. The District Court's *sua*

*sponte* grant of summary judgment in favor of MMCRC therefore was improper.

■ Likewise, we cannot approve the District Court's entry of summary judgment for the City on the issues of whether the ordinance is an "unlawful delegation of legislative power" or whether the HCDA requires exhaustion of administrative remedies prior to bringing suit. Neither of these issues was raised by the City in its motion for summary judgment. The City contends that both of these points were addressed by plaintiffs in their memorandum opposing the motion for summary judgment because that memorandum incorporated by reference plaintiffs' earlier memorandum in opposition to the motions to dismiss. Our review of the record reveals that plaintiffs directly addressed only the question of whether administrative remedies under the HCDA must be exhausted prior to bringing a federal court action. The discussion of unlawful delegation appeared in plaintiffs' argument concerning whether the City's action was under color of state law and merely assumed for purposes of argument that the delegation was in fact unlawful. This Court stated in *Winfrey v. Brewer,* 570 F.2d 761, 764 (8th Cir.1978), that "[a]bsent notice of the district court's intention to treat the motion as one for summary judgment, we are unpersuaded that a brief filed in response to a motion to dismiss represents the type of meaningful opposition contemplated by Rule 56."

■ Although the procedural posture of the present case is somewhat different than that in *Winfrey,* we believe that, at a minimum, the District Court here should have provided plaintiffs with notice of its intention to consider the unlawful delegation issue and with a meaningful opportunity to address that issue.[1] We also believe that the District Court's holding that violations of the HCDA "must be pursued

---

1. The City suggests that because the contested ordinance was before the court, "the only opportunity conceivably lost to plaintiffs was the presentation of legal arguments ...." Brief of Appellee City of St. Louis at 11. This is precisely the reason that we find the grant of summary judgment inappropriate. As we have already noted, there are no factual issues to resolve here. The denial of an opportunity to make legal arguments is exactly what rule 56 is intended to prevent.

through administrative channels" is not consistent with the HCDA's legislative scheme. The HCDA simply does not provide any administrative channels that private parties may invoke. *See* 42 U.S.C. §§ 5309 & 5311. On remand, the District Court should address the significant questions of whether an implied private right of action exists under the HCDA and whether the plaintiffs have standing to raise their claim should the HCDA provide such a right. Because the District Court has yet to address these issues, we do not consider them here.

The District Court also held in favor of the City on the issues of whether the actions complained of were "under color of state law" and whether plaintiffs had an adequate remedy under state law. Although these issues properly were presented in the City's motion for summary judgment, plaintiffs contend that the District Court erred in its ruling on both issues. We agree.

■ Plaintiffs assert that the City was acting under color of state law because the City's conduct in delegating its authority would be considered state action under the Fourteenth Amendment. We need not decide whether the City's conduct constitutes state action, an issue not yet addressed by the District Court, because we are convinced that the conduct satisfies the under-color-of-state-law requirement of section 1983. Pursuant to state law, the City delegated its authority to set housing standards for residential properties and its

power of eminent domain to MMCRC. This delegation under state law of powers possessed by virtue of state law and traditionally exercised by the City satisfies us that the City's action here is under color of state law. *Cf. Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n. 18, 102 S.Ct. 2744, 2752 n. 18, 73 L.Ed.2d 482 (1982); *Polk County v. Dodson*, 454 U.S. 312, 317–18, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981) (citing *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941) ).[2]

We also disagree with the District Court's conclusion that the City and MMCRC were entitled to summary judgment because plaintiffs have an adequate remedy under state law. As we noted above, the District Court stated that plaintiffs could raise the matters in their complaint "in a state action for declaratory and injunctive relief or as defenses to any condemnation proceeding brought by defendant MMCRC." We begin by observing that plaintiffs' due process claim raises the question of whether *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is applicable here. In *Parratt*, the Supreme Court held that the Fourteenth Amendment due process clause was not violated when a property deprivation was not attributable to state policy and when adequate post-deprivation procedures were available under state law to remedy the loss. 451 U.S. at 543–44, 101 S.Ct. at 1916–17. Justice Blackmun concurred in *Parratt*, noting that some governmental actions, "even if undertaken with a full pano-

2. In *Lugar*, the Supreme Court observed that although "conduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law, it does not follow from that that all conduct that satisfies the under-color-of-state-law requirement would satisfy the Fourteenth Amendment requirement of state action." 457 U.S. at 935 n. 18, 102 S.Ct. at 2752 n. 18. The City cites our decision in *Young v. Harris*, 599 F.2d 870 (8th Cir.), *cert. denied*, 444 U.S. 993, 100 S.Ct. 526, 62 L.Ed.2d 423 (1979), for the proposition that actions taken by private redevelopment corporations are not attributable to the city. *Young*, however, involved the question whether a private developer could be considered a "state agency" under the language of a federal

statute and therefore is inapplicable in the present instance. The City also argues that while it acts under color of state law in enacting ordinances, an ordinance that gives a private developer power to condemn property results in no deprivation of property under the Fourteenth Amendment and thus the City is not responsible for the developer's actions. We believe that this formulation confuses the question of whether there is action under color of state law with the question of whether a substantive deprivation of some right secured by the Constitution has occurred. Because the question of state action and other questions relating to the deprivation of consitutional and statutory rights have not yet been addressed by the District Court, we need not decide these issues.

ply of procedural protection, are, in and of themselves, antithetical to fundamental notions of due process." *Id.* at 545, 101 S.Ct. at 1917. If plaintiffs' due process claim is based upon substantive due process, the claim may survive despite *Parratt;* if the claim is based upon procedural due process, *Parratt* may operate to nullify it if in fact there are adequate state procedures whereby plaintiffs can obtain adjudication of the matters in their complaint.

Plaintiffs' complaint avers that the St. Louis ordinance violates the due process clause "[b]y failing to provide specific criteria, rules, or conditions to guide MMCRC in setting residential housing standards ..." and by requiring those residents in the redevelopment area "to undertake costly, arbitrary, and unreasonable renovations" to avoid losing their homes. Complaint at 10, ¶¶ 37 & 38. In our view, these claims sound in substantive rather than procedural due process. Plaintiffs are complaining about the ordinance itself and not about a perceived lack of any procedures attendant to the operation of the ordinance. *Cf. New Motor Vehicle Board v. Orrin W. Fox Co.,* 439 U.S. 96, 105, 99 S.Ct. 403, 409, 58 L.Ed.2d 361 (1978) (substantive due process involved when plaintiffs complain about Act requiring agency approval for location of franchises rather than about form of notice or hearing).

■ Whether a substantive due process claim may be presented in federal court despite the availability of state remedies depends upon whether a substantive due process claim is subject to the strictures of *Parratt.* Another panel of this Court recently resolved this issue by holding that *Parratt* does not bar claims based on substantive due process from being brought in federal court. *Littlefield v. City of Afton,* 785 F.2d 596, 608 (8th Cir.1986), citing *Augustine v. Doe,* 740 F.2d 322, 329 (5th Cir.1984). This view finds support in the lan-

guage and reasoning of *Parratt* and in the decisions of other courts of appeals that have addressed the issue. In *Parratt,* the Supreme Court observed that a deprivation of procedural due process did not occur if a post-deprivation procedure adequately addressed the deprivation. 451 U.S. at 543–44, 101 S.Ct. at 1916–17. Since violation of a substantive constitutional right, including substantive due process, is complete irrespective of subsequent procedures accorded to the person whose rights have been violated, the *Parratt* rationale would not apply. *See Gilmere v. City of Atlanta,* 774 F.2d 1495, 1497–1500 (11th Cir.1985) (en banc); *Daniels v. Williams,* 720 F.2d 792, 796 n. 3 (4th Cir.1983), *reh'g en banc,* 748 F.2d 229 (4th Cir.1984), *cert. granted,* — U.S. ——, 105 S.Ct. 1168, 84 L.Ed.2d 320 (1985); *State Bank of Charles v. Camic,* 712 F.2d 1140, 1147 n. 5 (7th Cir.), *cert. denied,* 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983); *Duncan v. Poythress,* 657 F.2d 691, 704–05 (5th Cir.1981); *cf. Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 3208 n. 4, 82 L.Ed.2d 393 (1984). (Stevens, J., concurring) Because we conclude that plaintiffs' due process claim is one of substantive due process and that *Parratt* is inapplicable to substantive due process claims, plaintiffs can pursue their due process claim in a section 1983 action without regard to the adequacy of state remedies.

Similarly, we believe that whether state remedies are adequate is irrelevant in regard to plaintiffs' equal protection claim. *See Hayes v. Vessey,* 777 F.2d 1149, 1152 (6th Cir.1985) (plaintiff's equal protection claim survives because *Parratt* applies only to procedural due process claims); *see also Hudson,* 104 S.Ct. at 3208 n. 4; *Parratt,* 451 U.S. at 536, 101 S.Ct. at 1913; *Harrison v. Springdale Water & Sewer Commission,* 780 F.2d 1422, 1428 n. 10 (8th Cir.1986).[3] Accordingly, we need not inquire

---

**3.** Plaintiffs' equal protection claim posits that the ordinance results in City residents being divided into two classes that are treated differently under City law. Plaintiffs assert that the

ordinance creates one class of citizens residing outside of the redevelopment area who are required to maintain their homes only to the extent required by the City Property Mainte-

whether plaintiffs have an adequate state remedy. Accepting, *arguendo*, the District Court's conclusion that adequate state remedies exist, the District Court nevertheless erred in granting summary judgment on this ground.

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.

nance Code. The ordinance also creates another class of citizens, according to plaintiffs, who reside within the MMCRC redevelopment area and who must satisfy renovation demands in excess of the City Code to forestall loss of their homes by exercise of the power of eminent domain. The District Court has not addressed this issue and we express no view at this juncture as to the validity of plaintiffs' claim.

In addition, plaintiffs also allege violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.*, and property rights granted by 42 U.S.C. § 1982 and the Thirteenth Amendment. The District Court did not consider these claims in granting summary judgment, apparently because it concluded that the City's actions were not under color of state law. Because the District Court has not yet addressed these claims, we decline to express any view of their merits.