United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3602
_____

| | | |
|---|---|---|
| Margaret A. Walker, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Missouri Department of Corrections, | * | Eastern District of Missouri. |
| | * | |
| Appellee, | * | (PUBLISHED) |
| | * | |
| City of St. Louis, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: January 14, 1998
Filed: March 9, 1998
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Margaret A. Walker appeals from the district court's order granting defendant's motion for summary judgment in her employment discrimination action. Because we believe that Walker was not afforded adequate notice of the basis for the court's grant of summary judgment, we reverse.

In November 1994, Walker filed this complaint against the Missouri Department of Corrections (MDOC)[1] under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (1994), and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010-.137 (1994 & Supp. 1997). Walker alleged that she suffers from polio and post-polio syndrome, which substantially limit her ability to perform major life activities, and thus has a "disability" under the ADA. She alleged that she was a "qualified individual with a disability" under the ADA, as she could perform the essential functions of her job if she were provided with reasonable accommodations, namely, a handicapped parking space, and having her office area and the immediately surrounding exterior areas made "handicapped friendly." She further alleged that "with difficulty [she] was able to perform the essential functions of her job . . . even though [MDOC] failed to provide [her] with [her requested] reasonable accommodations," but MDOC's refusal to make these accommodations resulted in "undue hardship" and ultimately compelled her to take an unpaid medical leave of absence, "which effectively constituted the termination of her employment." Walker claimed that this refusal constituted disability discrimination under the ADA, and resulted in economic loss, mental anguish, pain and suffering, and other nonpecuniary losses. She also claimed that MDOC's refusal to make reasonable accommodations for her known disability violated the MHRA.

In July 1996, MDOC moved for summary judgment, asserting that Walker could not recover under the ADA because she was no longer able to work and thus was not a "qualified individual with a disability." MDOC also asserted that Walker could not recover under the MHRA because she did not meet the MHRA definition of handicapped. In the "Introduction and Summary" of its supporting memorandum, MDOC asserted it was entitled to summary judgment for two reasons: 1) because it is undisputed that Walker worked until June 1994 but was thereafter unable to work

---

[1]The City of St. Louis was also named, but was later dismissed as a defendant on its motion. Walker does not appeal that ruling.

regardless of accommodations, she could not establish a claim under either the ADA or the MHRA; and 2) because Walker continued to work without a closer parking space (her primary request), that accommodation was not necessary for her "successful employment" and thus "she did not suffer any consequences." In the memorandum's "Discussion," however, MDOC argued only that Walker could not establish a prima facie case because she was no longer able to work, and thus she was not a "qualified individual with a disability" under the ADA and, under the MHRA, accommodations would have "no impact on her [present] ability to perform the essential functions of her job."

In response, Walker indicated that because she was no longer physically capable of gainful employment, she had sought leave to amend her prayer for relief to seek only damages for injuries she sustained from MDOC's refusal to make her requested reasonable accommodations while she was a "qualified individual with a disability" working for MDOC. Accordingly, Walker argued that MDOC's motion was moot, because MDOC was merely asserting it had no present accommodation duty; that she could maintain an ADA action for the time period she was in fact employed at MDOC; and that summary judgment would be inappropriate, because a genuine factual issue existed as to whether MDOC made reasonable accommodations to assist Walker perform the essential functions of her job.

In reply, MDOC argued that Walker could not recover, because the ADA does not apply to former employees; and asserted that MDOC's summary judgment motion was not based "in any way on the fact that Walker had been reasonably accommodated when she was working," but was "based entirely upon the fact that Walker is not a 'qualified individual.'"

The district court granted MDOC summary judgment. Noting that MDOC sought summary judgment "on the sole ground" that Walker was not a "qualified individual with a disability" because she was now totally disabled and incapable of

working and thus could not recover under the ADA, the court concluded Walker could recover under the ADA for alleged prior discriminatory conduct despite subsequently becoming completely disabled.

The court determined, however, that Walker could not establish a prima facie case of discrimination under the ADA, because, although she had been undisputedly disabled and qualified to perform her job, she could not demonstrate she suffered an adverse employment action, as she failed to allege in her complaint or argue in response to MDOC's motion that MDOC made any adverse employment decision. The court stated there was "no allegation" that MDOC discriminated against her "in regard to any advancement, discharge, compensation, job training, or other terms, conditions, and privileges of employment." The court stated that MDOC's alleged failure to make reasonable accommodations did not in and of itself establish an ADA violation; that the issue of reasonable accommodations went to whether Walker was a qualified individual; and that no genuine factual issue existed as to whether reasonable accommodations were necessary for Walker to be able to perform her job, as she admitted in her complaint that she could perform her job without the requested accommodations. Finally, the court held that because Walker could not establish an adverse employment action, she also could not recover under the MHRA.

On appeal, Walker argues that the district court erred by sua sponte granting summary judgment to MDOC on an unraised issue as to which she did not have an opportunity to respond, and that the record contains sufficient evidence demonstrating the existence of a prima facie case of discrimination.

To prevail under the ADA, Walker needed to show she had a "disability"; she was qualified to perform the essential functions of her job, with or without reasonable accommodations; and she suffered an adverse employment action because of her disability. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995). The district court based its summary judgment ruling on the third element.

Although MDOC argues on appeal that it had asserted below both that Walker was not qualified and that she had not suffered any consequences from the lack of accommodations, and that these "issues are intertwined," MDOC clearly based its entire argument below on lack of qualification. MDOC emphasized that fact in its reply memorandum, and the district court noted this was the sole basis for MDOC's motion. Because Walker alleged all the elements of a prima facie case but did not have sufficient notice that the third element was in issue, we conclude that the district court's ruling as to the ADA claim was procedurally improper. See Williams v. City of St. Louis, 783 F.2d 114, 116 (8th Cir. 1986) (reversing grant of summary judgment to defendant on issues not raised in its motion; district court, at minimum, should have provided plaintiffs with notice of intention to consider unraised issue and meaningful opportunity to address it); cf. Demerath Land Co. v. Sparr, 48 F.3d 353, 356 (8th Cir. 1995) (summary judgment proper where party--not court--raised issue, and nonmovant had opportunity to respond but offered no evidence). Summary judgment likewise was inappropriate on Walker's MHRA claim. See Tart v. Hill Began Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994) (applicable and authoritative federal employment discrimination decisions apply to MHRA); Cook v. Atoma Int'l of Am., Inc., 930 S.W.2d 43, 46 (Mo. Ct. App. 1996) (employee must show employer took adverse employment action to make out prima facie case of employment discrimination).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-