# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-2321

———————

| | | |
|---|---|---|
| Margaret A. Walker, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Missouri Department of Corrections, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: January 10, 2000

Filed: May 25, 2000

———————

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

———————

WOLLMAN, Chief Judge.

Margaret A. Walker appeals from the district court's[1] grant of summary judgment in favor of the Missouri Department of Corrections (Department) on her claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213,

———————

[1]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, who presided over the case with the consent of the parties pursuant to 28 U.S.C. § 636(c).

and the Missouri Human Rights Act (MHRA), Mo. Rev. Stats. §§ 213.010 - .137. We affirm.

**I.**

This case comes before us for the second time, see Walker v. Missouri Dep't of Corrections, 138 F.3d 740 (8th Cir. 1998), and thus we limit our exposition of the facts. Walker began to work for the Department in 1987, verifying information from and interviewing inmates in order to provide information to those who determined the bond for those arrested by the State. Walker suffers from polio and post-polio syndrome, which in the early 1990s began to limit her work activities and has since rendered her completely unable to work. In November of 1994, Walker filed suit in federal court on employment discrimination grounds, contending that the Department should have granted her several reasonable accommodations that would have provided her with the opportunity to continue her employment for a longer time.

In 1996, the district court granted summary judgment to the Department because Walker had not demonstrated that she had been subject to an adverse employment action by the Department because of her disability. See id. at 741-42. Because the Department had based its motion for summary judgment on the ground that Walker was not a qualified individual with a disability, we found that Walker had not had notice that the adverse employment action element was at issue and had been denied the opportunity to respond. See id. at 742. Thus, we found that the court's ruling was procedurally improper and remanded the case to the district court for further proceedings. See id.

In April of 1999, following further proceedings that included Walker's response, the district court again granted summary judgment in favor of the Department, finding again that Walker had failed to make a prima facie case because she did not establish that she had been subject to an adverse employment action. Walker appeals.

## II.

Intervening decisions prevent us from reaching the merits of Walker's claims. The district court's grant of summary judgment in favor of the Department was entered on April 7, 1999. Subsequently, we decided two cases that defeat Walker's ADA claim. In Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), cert. granted in part, 120 S. Ct. 1003 (2000), and cert. dismissed, 120 S. Ct. 1265 (2000), we held that Congress lacked the power to abrogate a state's eleventh amendment immunity from suit in federal court under Title II of the ADA. Then, on August 9, 1999, we decided DeBose v. Nebraska, 186 F.3d 1087, 1088 (8th Cir. 1999) petition for cert. filed, 68 U.S.L.W. 3391 (U.S. Dec. 1, 1999) (No. 99-940), in which we extended Alsbrook's principles to Title I of the ADA. Thus, because Walker's claims are based on Title I and are against a state agency that Walker does not contend has consented to suit or waived immunity, Walker's ADA claims must fail.[2] Similarly, we conclude that the district court properly dismissed Walker's claims under the MHRA. See Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon, No. 99-2635, 2000 U.S. App. LEXIS 7345, at *12-13 (8th Cir. April 24, 2000) (state agency entitled to eleventh amendment immunity in federal court and should have been dismissed from the case).

The judgment is affirmed.

---

[2]The Supreme Court recently granted certiorari in an Eleventh Circuit case that reached a contrary conclusion. See Garrett v. University of Ala. at Birmingham Bd. of Trustees, 193 F.3d 1214, 1218 (11th Cir. 1999), cert. granted, 120 S. Ct. 1669 (2000); see also 68 U.S.L.W. 3649 (Apr. 17, 2000) (explaining that "Question presented [is]: Does the 11th Amendment bar suits by private citizens in federal court under Americans with Disabilities Act against nonconsenting states?").

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.