# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3047

_____

Charles Pointer,                                    *
                                                    *
          Appellant,                    *
                                                    *    Appeal from the United States
     v.                                         *    District Court for the Eastern
                                                    *    District of Missouri.
Missouri Department of Corrections,    *       [UNPUBLISHED]
                                                    *
          Appellees.                    *

_____

Submitted:  September 3, 2002

Filed:  September 12, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
     Judges.

_____

PER CURIAM.

Charles Pointer appeals from the district court's order dismissing his complaint prior to service of process for failure to state a claim. Pointer, who applied to be a corrections officer with the Missouri Department of Corrections (MDOC), brought this action after MDOC declined to hire him, alleging that he was not hired because of his race and his age.

We agree with the district court that Pointer's claim under the Age Discrimination in Employment Act (ADEA) fails, because sovereign immunity shields MDOC, and Pointer did not contend that the State of Missouri had waived its immunity to ADEA suits. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000) (ADEA did not abrogate states' Eleventh Amendment immunity); cf. Walker v. Mo. Dep't of Corrs., 213 F.3d 1035, 1036 (8th Cir. 2000) (absent any contention that MDOC had consented to suit or waived immunity, Eleventh Amendment barred former employee's claims against MDOC under Title I of Americans with Disabilities Act), cert. denied, 531 U.S. 1190 (2001). We also agree with the district court that Pointer did not state a claim under 42 U.S.C. § 1983. See Ryan v. Ill. Dep't of Children & Family Servs., 185 F.3d 751, 758 (7th Cir. 1999) (state agency is not "person" under § 1983).

However, Pointer's allegation that MDOC violated Title VII by refusing to hire him because of his race sufficiently states a Title VII race-discrimination claim. See Swierkiewicz v. Sorema N. A., 122 S. Ct. 992, 997-99 (2002) (federal pleading is notice pleading only); Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994) (hospital employee's allegation that she was terminated because of her color was sufficient to state Title VII claim); Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 924-28 (8th Cir. 1993) (rejecting prima facie case as standard for dismissal analysis); Moore v. Clarke, 821 F.2d 518, 519 (8th Cir. 1987) (whole spirit of Federal Rules of Civil Procedure is to discourage pleading of evidence).

Accordingly, the judgment is reversed as to the dismissal of the Title VII claim, but affirmed as to the dismissal of the other claims, see 8th Cir. R. 47A(a), and we remand for further proceedings consistent with this opinion.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.