# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1320

_____

| | | |
|---|---|---|
| Jim Harris, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Ellis McSwain; MO Dept. of | * | |
| Corrections, | * | [UNPUBLISHED] |
| | * | |
| Appellees, | * | |
| | * | |
| Lisa Looten; Richard Hart; Lindy | * | |
| Vaughn; Danny Dodson; Capt. | * | |
| Jerry Carter; Pemiscot County | * | |
| Sheriff Dept; Institutional Grievance | * | |
| Officer at Algoa, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Lili T. Adams; Greg Dohgne; | * | |
| Joan McDonald; Chairman of the | * | |
| Board; 3 Parole Officers, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 4, 2011
Filed: May 9, 2011

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In July 2010 Jim Harris, Jr., filed a pro se 42 U.S.C. § 1983 action for damages, naming the Missouri Department of Corrections (MDOC) and several individual defendants. He alleged that he had been detained at the Algoa Correctional Center and should have been released in May 2008, but that he was not released until July 2009, because MDOC failed to credit him for his time served prior to sentencing, contrary to the sentencing judge's order. He also asserted that a state court had granted his petition for a writ of habeas corpus, agreeing that he was entitled to time served while on probation and awaiting revocation and sentencing; he submitted a copy of the state court's declaratory judgment (Doc. 12). Harris claimed that his illegal incarceration violated the Eighth and Fourteenth Amendments, and that defendants had knowledge of his unlawful incarceration but refused to act to remedy it. He sought damages for the period of unlawful incarceration.

The district court dismissed the case under 28 U.S.C. § 1915A. As relevant to this appeal, the court concluded that Harris could seek relief only through a petition for a writ of habeas corpus. On appeal, Harris has moved for leave to proceed in forma pauperis, which we grant. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam) (outlining fee-collection provisions).

We affirm the district court's dismissal of defendant MDOC because it is immune from suit. See Monroe v. Ark. State Univ., 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suits against states and state agencies for any kind of relief); Walker v. Mo. Dep't of Corr., 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing MDOC as state agency); see also Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review).

As to the individual appellees, however, we conclude that the district court erred in dismissing Harris's claim. Harris was not seeking release from custody--he

alleged the custody in question had ended. He was seeking damages for a prior period of unlawful detention. Harris alleged that he had been detained beyond the date that his lawful sentence had ended; that a state court had declared that this additional period of detention was beyond the length of his lawful sentence; and that the individual appellees knew of his unlawful detention but refused to act to remedy it. These allegations are sufficient to state a claim for damages for violation of Harris's constitutional rights. See Russell v. Hennepin County, 420 F.3d 841, 846 (8th Cir. 2005); Davis v. Hall, 375 F.3d 703, 718 (8th Cir. 2004); see also Sample v. Diecks, 885 F.2d 1099, 1108-10 (3d Cir. 1989); cf. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (in order to recover damages for allegedly unconstitutional conviction or imprisonment, § 1983 plaintiff must prove that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus).

Accordingly, we affirm as to MDOC, we reverse the district court's dismissal of Harris's claim for damages as to the individual appellees, and we remand for further proceedings in the district court. We deny as moot Harris's pending motion for appointment of counsel.

———————————————