# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2434

_____

Joseph Leroy Dayringer; James Eric Mansfield

*Plaintiffs - Appellants*

v.

David Webster; Arthur Wood; Bill Galloway; Missouri Department of Corrections

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: May 7, 2013
Filed: August 9, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Inmates Joseph Leroy Dayringer and James Eric Mansfield appeal the district court's[1] adverse judgment on their claims under 42 U.S.C. § 1983 and the Religious

---

[1]The Honorable Matt Jeffrey Whitworth, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition

Land Use and Institutionalized Persons Act ("RLUIPA") following a bench trial. The claims before us in this appeal arose from confiscation of religious materials during 2007 and resulting disciplinary proceedings. Appellants originally filed suit against prison officials or staff members David Webster, Arthur Wood, and Bill Galloway in their individual and official capacities, seeking only declaratory relief. Before trial, appellants sought leave to amend, because all three named defendants had retired or were due to retire soon; the court granted leave to add the Missouri Department of Corrections ("MDOC") as a defendant and also to add a constitutional challenge to an MDOC policy restricting inmates to six books at a time. The three individual defendants were retired by the time of trial.

After a bench trial, the court concluded the claims against the individual defendants were moot. Additionally and alternatively, the court rejected the claims on the merits. Appellants now seek reversal of the district court's rulings on mootness and on the merits. We review de novo the district court's legal conclusions following the bench trial, Outdoor Cent., Inc. v. GreatLodge.com, Inc., 688 F.3d 938, 941 (8th Cir. 2012), including its decision regarding mootness, Keup v. Hopkins, 596 F.3d 899, 904 (8th Cir. 2010).

The district court correctly held appellants' claims against Webster, Wood, and Galloway in their individual and official capacities are moot. These claims are moot because appellants sought only declaratory relief, which in the current case would not "be operative against these defendants who no longer possess any power." Tara Enters., Inc. v. Humble, 622 F.2d 400, 401 (8th Cir. 1980) (per curiam) (where defendants lacked any official power given their resignations before trial, no monetary damages were sought, and no other form of relief would be operative against them, action was moot); see also Spomer v. Littleton, 414 U.S. 514, 521–22 (1974) ("The plain fact is that . . . respondents . . . do not presently seek to enjoin

---

by consent of the parties pursuant to 28 U.S.C. § 636(c).

[petitioner] from doing anything."). While appellants could substitute defendants' successors as parties—because appellants sued the defendants in their official capacities—appellants must establish that defendants' successors "continue[d] the unconstitutional practices alleged in the complaint" in order to defeat mootness. Tara Enters., 622 F.2d at 401–02. The district court correctly held that appellants failed to establish that defendants' successors continued the complained of conduct. In fact, MDOC revised the six-book policy in 2012, correcting the deficiencies that were identified by the district court as the bases of the allegations underlying this suit, namely, the failure to define "book" and "pamphlet."

Further, the claims against MDOC must be dismissed because MDOC is immune from suit under the Eleventh Amendment. See Harris v. McSwain, 417 F. App'x 594, 595 (8th Cir. 2011) (recognizing MDOC as protected state agency for purposes of the Eleventh Amendment); Monroe v. Ark. State Univ., 495 F.3d 591, 594 (8th Cir. 2007) (stating that the Eleventh Amendment bars suit against a state agency for "any kind of relief"). Although immunity was not raised by MDOC, we can affirm "on any ground supported by the record." Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003).

Therefore, the judgment of the district court is affirmed.

_____