# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6023

_____

In re:  Michael G. Queen, also known as Mike Queen, also known as Bi-State
Acoustics, LLC; Denise D. Queen

*Debtor*s

------------------------------

Gary Francis Abel; Metro Acoustics, LLC

*Plaintiffs - Appellants*

v.

Denise D. Queen; Michael G. Queen

*Defendants - Appellees*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted:  June 18, 2019
Filed: July 19, 2019

_____

Before SALADINO, Chief Judge, NAIL and SANBERG, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Gary Francis Abel and Metro Acoustics, LLC appeal the August 22, 2018 order of the bankruptcy court[1] directing the entry of summary judgment in favor of Michael G. Queen and Denise D. Queen on Abel and Metro's complaint to determine the dischargeability of their claims against the Queens. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). We affirm.

BACKGROUND

Abel and Denise Queen formed Metro, which installed and replaced acoustic ceiling tiles and wall panels. Michael Queen was an employee of the company.

The business ultimately failed, and Abel and Metro filed suit against the Queens in Missouri state court, alleging fraudulent misrepresentation, breach of contract, breach of fiduciary duty, and conversion. The Queens answered, and the case bumped along for several years.

When the Queens failed to comply with their discovery requests, Abel and Metro filed several motions for sanctions. The third such motion led to the entry of a self-described judgment in which the state court granted Abel and Metro's motion, struck the Queens' pleadings, entered a default judgment for Abel and Metro on all counts of their complaint, and scheduled a hearing to determine damages.

Before that hearing could be held, however, the Queens filed a petition for relief under chapter 7 of the bankruptcy code, staying further proceedings in state court. Abel and Metro timely filed an adversary complaint to determine the

---

[1]The Honorable Charles E. Rendlen, III, United States Bankruptcy Judge for the Eastern District of Missouri.

dischargeability of their claims against the Queens under 11 U.S.C. § 523(a)(2), (4), and (6).

In the course of the adversary proceeding, Abel and Metro filed a motion for partial summary judgment on the issue of liability, arguing the state court default judgment precluded the Queens from re-litigating the issue of liability or the issue of the dischargeability of Abel and Metro's claims against them. The Queens objected. Following a hearing,[2] the bankruptcy court stamped a copy of Abel and Metro's motion "DENIED" and "WITHDRAWN" and entered it as an order.

A trial was scheduled, but shortly before the appointed date, the parties communicated to the bankruptcy court their belief that the dischargeability of Abel and Metro's claims against the Queens could be determined by summary judgment, with the issue of damages reserved for later determination, if necessary. The bankruptcy court concurred and entered an order to that effect.

The parties agreed the lone issue to be decided by the bankruptcy court was whether Abel and Metro's claims against the Queens were dischargeable under § 523(a)(4).[3] The matter was submitted on stipulated exhibits, stipulated facts, and the parties' respective briefs, and the bankruptcy court entered an order for summary judgment in favor of the Queens. In a section headed "PRELIMINARY MATTERS," the bankruptcy court stated:

---

[2]While this hearing is not reflected on the bankruptcy docket, the parties agree it was held.

[3]That section excepts from a debtor's discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4).

> The state court entered a prepetition default judgment against Defendants on claims based on facts similar to those asserted here. However, that judgment was only a default judgment and, to any degree, did not become final. The state court default judgment does not establish any fact for purposes of determining whether summary judgment is proper on the § 523(a)(4) claims raised in this matter.

Abel and Metro appealed.[4]

## STANDARD OF REVIEW

On appeal, Abel and Metro raise two issues: (1) whether the Queens were collaterally estopped by the state court default judgment from asserting they did not breach a fiduciary duty to Abel and Metro; and (2) whether a fiduciary relationship existed between either or both Michael Queen and Denise Queen on the one hand and either or both Abel and Metro on the other. Were we to reach these issues, we would review the former *de novo* and the latter for clear error. *See Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 679 (8th Cir. 2011) ("We review the bankruptcy court's factual determinations for clear error, and its legal determinations *de novo*.").

## DISCUSSION

Abel and Metro's appeal is premised on the bankruptcy court's perceived error in not giving preclusive effect to the state court default judgment.[5] However, for the

---

[4]While the bankruptcy docket indicates judgment was entered for the Queens, the judgment was not set out in a separate document. *See* Fed.R.Bankr.P. 7058 and Fed.R.Civ.P. 58(a). However, this does not affect the validity of Abel and Metro's appeal. Fed.R.Bankr.P. 8002(a)(5)(B).

[5]Abel and Metro briefly argue the Queens owed them a fiduciary duty under Missouri law, but they do not clearly identify how the bankruptcy court erred in its

-4-

reasons discussed below, that issue was no longer before the bankruptcy court, despite the bankruptcy court's passing reference to the state court default judgment.[6] Consequently, we do not reach either of the issues raised by Abel and Metro. *Rucker v. Belew* (*In re Belew*), 588 B.R. 875, 876 (B.A.P. 8th Cir. 2018) (issue not raised before the bankruptcy court cannot be considered on appeal). *Cf. Superpumper, Inc. v. Nerland Oil, Inc.* (*In re Nerland Oil, Inc.*), 303 F.3d 911, 920 n.8 (8th Cir. 2002) (any argument on appeal requiring additional factual findings is considered waived); *Twin City Fed. Sav. and Loan Ass'n v. Transamerica Ins. Co.*, 491 F.2d 1122, 1126-27 (8th Cir. 1974) (trial court erred when it decided a question of law the parties had not submitted to it on a motion for summary judgment). *See Christian Legal Soc. Chapter of the University of California, Hastings College of the Law v. Martinez*, 561 U.S. 661, 676-78 (2010) (the court will not consider a party's argument that contradicts a stipulation entered at the outset of the litigation).

The record demonstrates Abel and Metro abandoned their claim that the state court default judgment should be given preclusive effect, long before the bankruptcy court entered its order for summary judgment in favor of the Queens. As noted above, Abel and Metro raised the issue in their motion for partial summary judgment. However, the order entered by the bankruptcy court following the hearing on that motion indicates their motion was both "DENIED" and "WITHDRAWN." No one has offered a satisfactory explanation for this seeming incongruity or provided a transcript of the hearing from which such an explanation might be gleaned. Under

---

analysis of the requirement of a fiduciary relationship under § 523(a)(4). In any event, to prevail under that code section, Abel and Metro also needed to establish fraud or defalcation. In arguing they did so, they again rely solely on the state court default judgment.

[6]We express no opinion regarding the bankruptcy court's assessment of the state court default judgment.

the circumstances, we can only take the bankruptcy court's order at face value and conclude Abel and Metro withdrew their motion for partial summary judgment.

The parties then submitted the issue of the dischargeability of Abel and Metro's claims against the Queens to the bankruptcy court on stipulated exhibits and stipulated facts. Abel and Metro relied on that record–not the state court default judgment–in the brief they submitted to the bankruptcy court. They did not renew their claim that the state court default judgment should be given preclusive effect. In fact, they made no mention whatsoever of the state court default judgment in that brief.

Abel and Metro did not address–much less explain away–the withdrawal of their motion for partial summary judgment in their opening brief herein. The Queens raised the issue in their opening brief, but Abel and Metro did not file a reply brief, eschewing a second opportunity to offer such an explanation. And they glossed over the problem at oral argument.[7]

## CONCLUSION

By withdrawing their motion for partial summary judgment and submitting the matter to the bankruptcy court on an agreed record–without renewing their claim that the state court default judgment should be given preclusive effect–Abel and Metro abandoned that claim. The issue was thus not before the bankruptcy court and affords no basis for the instant appeal. Consequently, we affirm the bankruptcy court's order for summary judgment in favor of the Queens.

---

[7]In fairness to Abel and Metro's appellate counsel, we note she did not represent them before the bankruptcy court.