967 F.2d 1183
 RICO Bus.Disp.Guide 8028
 John MANION, Jr., Appellant,
v.
William J. FREUND; Mark J. Halloran; Morgan Pate; Thermal
Belt Cable Television, Inc., a North Carolina Corporation;
U.S. Cablevision Corporation, a Delaware Corporation; Caddo
CATV, Inc., a Missouri Corporation, Caddo CATV, Inc., a
Texas Corporation; Stephen P. Donaldson; TFG Properties
III, Inc., a North Carolina Corporation, Appellees.
 No. 91-1602.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 14, 1991.
Decided June 18, 1992.
Rehearing Denied July 17, 1992.
 
 Phillip K. Gebhardt (argued), St. Louis, Mo., for appellant.
 Mark A. Brittingham (argued), St. Louis, Mo., for appellees Pate, Halloran and Freund.
 Mark R. Fox (argued), Lansing, Mich., for appellees Donaldson and TFG Properties III, Inc.
 Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and HUNTER,* Senior District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 John Manion, Jr., appeals from an order entered in the District Court[1] for the Eastern District of Missouri granting summary judgment in favor of appellees William J. Freund, Mark J. Halloran, Morgan Pate, Thermal Belt Cable Television, Inc., U.S. Cablevision Corp., Caddo CATV, Inc. (Missouri), Caddo CATV, Inc. (Texas), Stephen P. Donaldson, and TFG Properties III, Inc. Manion v. Freund, No. 89-2355C(3) (E.D.Mo. Feb. 11, 1991) (order). For reversal appellant argues the district court erred in granting summary judgment on the ground that he failed to make a showing sufficient to establish the existence of elements essential to a civil RICO[2] case. Appellant also argues the district court should not have dismissed his state law claims of breach of fiduciary duty. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 In the 1980s appellant established and managed cable TV operations first in North Carolina and then in Missouri and Oklahoma. Later, other individuals and business entities, including appellees, invested in these cable TV operations and also participated in their management. Appellant suspected that these investors had defrauded him of his rightful share of the cable TV revenues and dividends as well as the proceeds of business sales and other transactions. In 1989 appellant filed a single-count civil RICO complaint in federal district court in the Western District of North Carolina. Appellees filed motions to dismiss and motions to transfer the case to the Eastern District of Missouri. In December 1989 the district court in North Carolina denied the motions to dismiss and transferred the case to the Eastern District of Missouri.
 
 
 3
 Appellees Freund, Halloran and Pate filed motions to dismiss or for summary judgment. Appellant filed a response. In September 1990 the magistrate judge initially recommended denial of these motions for summary judgment. About a month later, appellees Donaldson and TFG Properties III, Inc., filed motions to dismiss or for summary judgment, which appellees Freund, Halloran and Pate joined by filing supplemental motions for summary judgment. Appellant did not file a response to this second round of motions for summary judgment.
 
 
 4
 In November 1990 the magistrate judge vacated its initial recommendation and recommended granting summary judgment in favor of appellees because appellant had failed to make a showing sufficient to establish the existence of elements essential to a civil RICO case. Id., slip op. at 5-8 (Nov. 8, 1990) (report and recommendation). The magistrate judge concluded that appellant had failed to provide facts sufficient to show that appellees had committed either any "predicate acts" of mail or wire fraud or a "pattern of racketeering activity." Id., slip op. at 5, 7. The magistrate judge specifically noted that although appellant had identified numerous communications by mail or wire, appellant had failed to allege a scheme to defraud. Id., slip op. at 5-6. The district court adopted the recommendation of the magistrate judge and dismissed the complaint with prejudice. This appeal followed.
 
 
 5
 Appellant first argues the district court erred in granting summary judgment on the ground that he failed to make a showing sufficient to establish the existence of predicate acts of mail or wire fraud or a pattern of racketeering activity, elements essential to a civil RICO case. Appellant argues that the many communications by mail or telephone from appellees to him constituted the requisite predicate acts and that a continuous breach of fiduciary duty on the part of appellees constituted the scheme to defraud (and requisite pattern of racketeering activity).
 
 
 6
 We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). We agree with the district court that appellant has no civil RICO claim because he has failed to show that he could establish an element essential to civil RICO liability, that is, a "pattern" of racketeering activity. In particular, appellant failed to establish that appellees had committed mail or wire fraud.
 
 
 7
 "[RICO] imposes criminal and civil liability upon those who engage in certain 'prohibited activities.' " H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 232, 109 S.Ct. 2893, 2897, 106 L.Ed.2d 195 (1989) (H.J., Inc.). "RICO takes aim at 'racketeering activity," which it defines [in part] as ... any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud...." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481, 105 S.Ct. 3275, 3277, 87 L.Ed.2d 346 (1985) (Sedima), citing 18 U.S.C. § 1961(1). Liability under RICO is premised upon conduct involving a "pattern" of racketeering activity. 18 U.S.C. § 1962. RICO defines a "pattern" as requiring at least two acts of racketeering activity or predicate acts. Id. § 1961(5). In H.J., Inc., the Supreme Court held that, by the term "pattern," Congress intended to require that "to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." 492 U.S. at 239, 109 S.Ct. at 2900 (emphasis in original). Predicate acts are "related" if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Sedima, 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14 citing 18 U.S.C. § 3575(e). Continuity requires proof of "related predicates extending over a substantial period of time" or "involving a specific threat of repetition extending indefinitely into the future." H.J., Inc., 492 U.S. at 242, 109 S.Ct. at 2902 (proof that predicate acts are "part of an ongoing entity's regular way of doing business").
 
 
 8
 In the present case appellant alleged mail or wire fraud as the predicate acts. Appellant identified numerous communications by mail or telephone, but failed to allege a scheme to defraud or to specify in what respect the communications were fraudulent or how they were used in furtherance of the scheme to defraud. Mail or wire fraud requires proof of a scheme to defraud and use of the mails or wires in furtherance of that scheme. E.g., United States v. Leyden, 842 F.2d 1026, 1028 (8th Cir.1988) (foreseeable use of mails by defendant or others). Because appellant failed to show that he could establish the predicate acts of mail or wire fraud, appellant could not establish an essential element of a civil RICO violation--a pattern of racketeering activity. Appellees were thus entitled to judgment as a matter of law.
 
 
 9
 Appellant also argues the district court should not have dismissed his state law claims for breach of fiduciary duty. We disagree. As appellant acknowledges in his brief, this case was presented to the district court as a civil RICO case. Presumably, the claims of breach of fiduciary duty were asserted as predicate acts of racketeering activity. However, breach of fiduciary duty is not one of the specified state crimes listed in the definition of "racketeering activity," 18 U.S.C. § 1961(1), and thus could not have supported a civil RICO claim. We do not think the district court can be faulted for accepting appellant's characterization of the complaint and thus considering the claims of breach of fiduciary duty only in the context of a civil RICO violation and not as separate and distinct theories for relief.
 
 
 10
 Accordingly, the order of the district court is affirmed.
 
 
 
 *
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable William L. Hungate, Senior United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Robert D. Kingsland, retired United States Magistrate Judge for the Eastern District of Missouri. The district court had referred all pre-trial matters to the magistrate judge pursuant to 28 U.S.C. § 636(b)
 
 
 [2]
 Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. Private litigants can recover treble damages, plus attorney's fees and costs, for injuries caused by racketeering. Id. § 1964(c)