**DEMERATH LAND COMPANY,**
a Nebraska Corporation,
**Appellant,**

v.

**Steve SPARR;  Eugene Boes;  Farmers Cooperative Exchange, a Nebraska Cooperative Association, Appellees.**

No. 94–2538.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1994.

Decided Feb. 24, 1995.

Rehearing Denied March 28, 1995.

---

Larry Demerath, Valley, NE, argued for appellant.

Jay L. Welch, Omaha, NE, argued for appellee.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Demerath Land Company ("Demerath") appeals from the district court's[1] order granting summary judgment in favor of Steve Sparr, Eugene Boes, and Farmers Cooperative Exchange ("Farmers Coop") on Demerath's civil racketeering claims. We affirm.

## I.

Farmers Coop is a Nebraskan farm cooperative organization, of which Demerath is a member, that conducts a number of activities for the benefit of its members, including the sale and application of agricultural chemicals. Boes is the general manager of Farmers Coop, and Sparr managed the Tilden, Nebraska, facility that dealt with Demerath during the time frame at issue. In the years 1989–1991, Farmers Coop sold Demerath certain herbicides and pesticides and made custom applications of some of those chemicals.

When Demerath failed to make timely payment for its services, Farmers Coop filed a Nebraska state court action seeking to recover the debt owed. Demerath defended by asserting that Farmers Coop over-applied the chemical Extrazine, resulting in severe damage to the crops and a reduction in yield for the years in which it was applied. The state court rejected Demerath's defenses as conclusory and granted Farmers Coop statutory lien priority.

Demerath filed this federal court action in July 1992, alleging that the defendants violated the Racketeer Influenced and Corrupt

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, by fraudulently inducing Demerath to purchase and apply excessive herbicide. Demerath asserted that the pattern of fraudulent overapplication and resultant overcharges was predicated on Farmers Coop's use of the mails in billing its customers. *See* 18 U.S.C. § 1961 (listing RICO predicate acts); 18 U.S.C. § 1341 (mail fraud). Accordingly, Demerath claimed that this activity rendered the state law statutory liens null and void; it also sought recovery for damages to its crops pursuant to RICO's civil enforcement provision, 18 U.S.C. § 1964(c). Finding that section 1962(c) was the only applicable basis for liability and that Demerath "failed to produce any evidence that Sparr or Boes had any intent to defraud," the district court granted summary judgment for the defendants. We agree that Demerath cannot show the requisite fraudulent intent, and thus it fails to establish the predicate acts essential to its RICO claims.

## II.

■ To establish mail fraud under section 1341, a plaintiff must show "the existence of a plan or scheme to defraud, that it was foreseeable that the scheme would cause the mails to be used, and that the use of the mails was for the purpose of carrying out the fraudulent scheme." *United States v. Goodman*, 984 F.2d 235, 237 (8th Cir.1993); *see Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 991 (8th Cir.1989). It is not necessary that the mailings themselves be misleading or constitute the actual fraud, they must merely be in furtherance of the plan or scheme to defraud. *See United States v. Nelson*, 988 F.2d 798, 804 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 302, 126 L.Ed.2d 250 (1993); *Atlas Pile Driving*, 886 F.2d at 992. Here, Farmers Coop used the mails in billing its customers, but Demerath has adduced no evidence that the defendants engaged in a "plan or scheme to defraud" Demerath or any other members of the cooperative by selling and applying excessive chemicals.

■ Demerath claims that summary judgment is improper because intent is an issue best left to a jury. Although it is true that in cases where "intent ... is at issue, summary judgment must be granted with caution," *United States v. One 1989 Jeep Wagoneer*, 976 F.2d 1172, 1176 (8th Cir.1992), disposition by summary judgment may still be appropriate if the party in opposition to the motion has adduced no evidence whatsoever of the requisite intent to defraud. *See Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir.1992) (affirming grant of summary judgment on RICO claim where there was no evidence of the mail fraud alleged as a predicate act); *Stitt v. Williams*, 919 F.2d 516, 525 (9th Cir.1990) (same); *see also Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 148 (7th Cir.1994) (noting that "[s]ummary judgment will not be defeated simply because motive or intent are involved"); *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990) ("summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation").

■ Demerath further claims that Sparr's intent to defraud may be inferred from the circumstances, *see United States v. Behr*, 33 F.3d 1033, 1035 (8th Cir.1994), but the only circumstances it offers are that Sparr was an experienced and licensed commercial applicator of Extrazine and that it may have been over applied. Even if we accept as true that Farmers Coop over-applied the Extrazine and that this over-application caused damage, there still is no evidence of a scheme to defraud by Sparr, Boes, or Farmers Coop. *See Goodman*, 984 F.2d at 237 (" '[t]he essence of a scheme is a plan to deceive persons as to the substantial identity of the things they are to receive in exchange' " (quoting *United States v. Brien*, 617 F.2d 299, 307 (1st Cir.), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980))). The mere labelling of Sparr's representations as fraudulent does not make them so without some evidence to support that assertion. No motive is offered—Sparr and Boes earned no commissions from the sale of Extrazine—and Demerath offers no evidence of intentional over-label application.

Because Demerath failed to establish the predicate act of mail fraud, it cannot establish a pattern of racketeering activity essential to its civil RICO claim. *Manion*, 967 F.2d at 1186; *see Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 497, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). In a final attempt to get to trial, however, Demerath claims that the district court granted summary judgment *sua sponte*, in contravention of *Williams v. City of St. Louis*, 783 F.2d 114, 116 (8th Cir.1986), and Federal Rule of Civil Procedure 56. Demerath claims that Farmers Coop raised neither the issue of intent nor Demerath's failure to establish the elements of section 1962(a) in its motion for summary judgment, thereby denying Demerath a full and fair opportunity to respond to the motion.

In *Williams*, we reversed a grant of summary judgment for a party when it was not sought by that party. *Id.* Here, however, the issue of intent was not raised *sua sponte* by the district court. Farmers Coop did move for summary judgment, asserting in its brief in support of the motion that Demerath had failed to establish a "scheme to defraud" and had made no showing of "deceptive conduct" to support its allegation of mail fraud. The district court properly addressed the purported scheme to defraud, of which specific intent to defraud is an essential element. *See Atlas Pile Driving*, 886 F.2d at 991. Demerath had an opportunity to respond to the challenge to its mail fraud claims, but failed to offer any evidence that a genuine factual dispute existed as to the existence of such a scheme. As indicated above, Demerath cannot rest on repeated naked assertions of fraud to raise a genuine issue for trial, *see Manion*, 967 F.2d at 1186, and thus the grant of summary judgment was entirely appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

The judgment is affirmed.