# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1878

_____

| | | |
|---|---|---|
| Richard Allen, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Interior Construction Services, Ltd., | * | |
| a Missouri Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 17, 2000

Filed: June 2, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Richard Allen appeals from the district court's[1] entry of summary judgment in favor of his former employer, Interior Construction Services, Ltd. (Interior), on his claim of discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C.

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was submitted by consent of the parties under 28 U.S.C. § 636(c).

§ 12101-12213. Allen also appeals from the court's decision to strike from the summary judgment record the testimony of Timothy Kaver. We affirm.

## I.

Allen, a journeyman carpenter, was first employed by Interior in December of 1994. Interior initially hired Allen to work on a particular project that required immediate carpentry work and thereafter employed him as his services were needed, i.e. when Interior had carpentry work available. Allen worked in this as-needed capacity until November of 1995, when he injured his back while on the job.

Immediately following his injury, Allen was advised by his physician that he could return to work, provided that he did not lift more than 30 or 40 pounds. Heeding this advice, Allen contacted Interior on December 4, 1995, about returning to work on light duty. Interior told him that it had no carpentry work available at that time. Shortly thereafter, Allen was examined by three other physicians, who advised him that he had a lumbar strain and that he should not perform carpentry work, with or without lifting restrictions, until he received future medical clearance to do so.

Allen remained under medical orders not to work until March of 1996, when Dr. Devera Elcock advised him that he could return to work with a 30-pound lifting restriction. Allen did not contact Interior for work following his consultation with Dr. Elcock. On May 13, 1996, Dr. Russell Cantrell released Allen to perform regular work duties without any restrictions. Allen disagreed with Dr. Cantrell's assessment but nonetheless contacted Interior about returning to work. Interior informed Allen that it had no carpentry work available at that time. Allen contacted Interior on four or five subsequent occasions but each time was told that Interior did not presently need his services. Allen ceased contacting Interior during the first week of July of 1996. Three weeks later, Allen was examined by yet another physician, who placed him on a permanent lifting restriction of 30 pounds.

After exhausting his administrative remedies, Allen initiated the present action in federal district court, alleging, among other things,[2] that Interior refused to employ him from December of 1995 through July of 1996 because he was disabled or was perceived to be disabled, thus violating the ADA. Interior moved for summary judgment and later also moved to strike from the summary judgment record the affidavit of vocational expert Kaver, which Allen had included in its memorandum opposing summary judgment. The district court struck Kaver's affidavit as untimely and entered summary judgment in favor of Interior. Allen appeals both rulings.

## II.

We assess Allen's claim of discrimination under the ADA pursuant to the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Young v. Warner-Jenkinson Co., 152 F.3d 1018, 1021 (8th Cir. 1998) (applying McDonnell Douglas analysis to claims that do not put forth any direct evidence of discrimination). Under this framework, Allen must first establish a prima facie case of discrimination by showing that: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job, with or without accommodation; and (3) he suffered an adverse employment action under circumstances which give rise to an inference of unlawful discrimination. See id. at 1021-22 (8th Cir. 1998). If this showing is made, a rebuttable presumption of discrimination emerges and Interior must articulate a legitimate, non-discriminatory reason for any adverse employment action taken against Allen. See Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc). If Interior proffers such a reason, Allen must demonstrate that this non-discriminatory reason is merely a pretext for intentional discrimination. See id.

---

[2]Allen also asserted claims under the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010-213.137, and the Missouri Workers' Compensation Laws, Mo. Rev. Stat. § 287.780. These claims are not at issue in this appeal.

-3-

In granting summary judgment, the district court found that Allen failed to present a prima facie case of discrimination because he did not establish an inference of intentional discrimination, as is required by the third element. The court also found that, even if Allen had set forth a prima facie case, Interior's proffered non-discriminatory reason for not employing Allen had not been shown to be pretextual.[3] We review this ruling de novo, applying the same summary judgment standard as the district court. See Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c).

## A. Prima Facie Case

We consider first whether Allen has set forth a prima facie case of discrimination. The parties argue at length whether Allen is disabled under the ADA. We need not resolve this issue, however, because we, like district court, conclude that Allen failed to show that Interior's failure to employ him from December of 1995 to July of 1996 gives rise to an inference of intentional discrimination. See Weber v.

---

[3]Allen contends that the district court was procedurally precluded from basing its summary judgment order on his failure to establish an inference of discrimination or pretext. He argues that Interior never raised these arguments in its summary judgment motion and thus did not give him a fair opportunity to respond to them. We disagree. Although Interior may have used fewer words to express these arguments than some others that it asserted, it plainly raised each of these arguments as a basis for its motion and properly referenced the parts of the record that it believed to establish the absence of a genuine issue of material fact regarding these issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Allen thus had ample reason to be aware of and respond to these arguments. See Demerath Land Co. v. Sparr, 48 F.3d 353, 356 (8th Cir. 1995).

American Express Co., 994 F.2d 513, 515-16 (8th Cir. 1993) (plaintiff must establish factual dispute as to each element of prima facie case to avoid summary judgment).

An inference of discrimination arises where there is some evidence of a causal connection between a plaintiff's disability and the adverse employment action taken against the plaintiff. See Greer v. Emerson Elec. Co., 185 F.3d 917, 922 (8th Cir. 1999). The evidence most often used to establish this connection is that of disparate treatment, whereby a plaintiff shows that he was "treated less favorably than similarly situated employees who are not in plaintiff's protected class." See Wallin v. Minn. Dep't of Corrections, 153 F.3d 681, 687 (8th Cir. 1998) (quoting Johnson v. Legal Services of Ark., Inc., 813 F.2d 893, 896 (8th Cir. 1987)). However, evidence of disparate treatment is not the exclusive means by which a plaintiff may establish an inference of discrimination, see Young, 152 F.3d at 1022; any credible evidence tending to establish that an employer acted adversely to an individual "on account of" his disability will suffice. See Greer, 185 F.3d at 922.

Allen first contends that he has presented sufficient evidence of disparate treatment to support an inference of discrimination. He points to employment records of Interior that show that it hired 23 carpenters from December of 1995 through early July of 1996, the period during which he did not work. He claims that these records demonstrate that Interior chose to employ other, presumably non-disabled, carpenters rather than employing him.

We disagree that Interior's employment records give rise to an inference of discrimination. Allen's argument appears to be premised on the assumption that Interior had an affirmative duty to contact him whenever it had work available. There is no evidence in the record, however, to indicate that Interior had such a duty or even that it was Interior's general practice to do so. In fact, the evidence suggests that the converse was true both at Interior and within much of the construction industry--an

-5-

individual employed on an as-needed basis generally must initiate contact with a contractor in order to obtain employment.

Furthermore, even if we assume that Allen was disabled and that a reasonable accommodation of his disability was warranted, we cannot conclude that Interior had a duty to contact him about available work. Although the ADA imposes a duty upon employers to reasonably accommodate the known limitations of their employees, see 42 U.S.C. § 12112(b)(5)(A), an accommodation is reasonable only if it is related to the accommodated individual's disability. See Amir v. St. Louis Univ., 184 F.3d 1017, 1029 (8th Cir. 1999). Here, a requirement that Interior contact Allen about available work is not in any way related to Allen's disability. Allen's back injury did not hinder his ability to telephone or otherwise communicate with Interior regarding employment and thus did not give rise to a duty on Interior's part to contact him about any available work.

Given the fact that Interior had no duty to contact Allen about available work, there is no evidence that Allen was treated less favorably than the 23 carpenters that Interior hired from December of 1995 through July of 1996. As an initial matter, 16 of the 23 carpenters were hired by Interior from December 5, 1995, to May 12, 1996, a time during which Allen never contacted Interior for employment. Because Interior had no reason to know that Allen was seeking work at that time, its failure to employ him does not give rise to an inference of discrimination.

We likewise conclude that Interior's hiring of the seven carpenters from May 13 to July of 1996 does not support an inference of discrimination. Allen has presented no evidence that these carpenters were hired on the days that he contacted Interior for work. Without such evidence, we cannot say that Interior favored these carpenters over Allen by employing them instead of Allen. Moreover, from mid-May to July of 1996, Interior believed that Allen was free to work without restrictions because it had been so informed by Dr. Cantrell. Thus, even if Interior did choose other carpenters

over Allen, no inference of discrimination arises because there is no evidence that Interior made such a choice "on account of" Allen's disability. See Greer, 185 F.3d 922 (discharge of allegedly disabled plaintiff did not raise inference of discrimination where plaintiff's physician recently informed employer that plaintiff was medically released to return to work).

In addition to disparate impact, Allen argues that he has set forth sufficient other evidence to support an inference of discrimination. Specifically, he contends that Interior proffered inconsistent reasons for not employing him and that such inconsistency gives rise to an inference of discrimination. Although evidence that an employer proffered disparate reasons for adversely treating an employee may support an inference of discrimination, see Young, 152 F.3d at 1022, Allen has failed to present such evidence. First, all persons who testified regarding Interior's failure to employ Allen after December of 1995 stated that the reason for Allen's unemployment was a general lack of carpentry work. In fact, Allen himself stated that this was the reason Interior gave for not employing him each time he contacted it for work. Second, the evidence that Allen now points to as proof that Interior proffered a different reason for not employing him--a pre-litigation letter from Interior to Allen--does not, in our view, establish that Interior advanced inconsistent explanations. This letter contains no statement by Interior of its reason for not employing Allen from December of 1995 through July of 1996; it states only that Allen initially stopped working in November of 1995 because of a back injury. Thus, even viewing the evidence in the light most favorable to Allen, we are not persuaded that Interior proffered inconsistent explanations for its actions.

Accordingly, we conclude that although the threshold of proof necessary to establish a prima facie case of discrimination is minimal, see Young, 152 F.3d at 1022, Allen has presented insufficient evidence to meet this threshold. The district court's grant of summary judgment upon this basis was therefore proper.

**B. Pretext**

Even assuming a prima facie case of discrimination, we believe that Allen has failed to present sufficient evidence that Interior's proffered reason for not employing Allen--lack of carpentry work--was a pretext for discrimination. To establish a fact issue on pretext, a plaintiff must present evidence that: (1) creates a factual dispute as to whether the employer's proffered reasons for taking adverse employment action are pretextual; and (2) allows a reasonable jury to infer that the employer's action was motivated by a discriminatory animus. See Young, 152 F.3d at 1023; Wilking v. County of Ramsey, 153 F.3d 869, 874 (8th Cir. 1998).

Allen has not made such a showing. The only evidence he offers to undermine the veracity of Interior's proffered reason for not employing him is Interior's pre-litigation letter to him and Interior's hiring of 23 carpenters from December of 1995 through July of 1996. As noted above, however, the letter does not contain a stated reason for Interior's failure to employ Allen during the relevant time period, and Interior's hiring of other carpenters does not undermine Interior's proffered reason in the absence of evidence that they were hired in lieu of Allen. Moreover, the record lacks any evidence that Interior's failure to employ Allen was motivated by a discriminatory animus towards his disability. Thus, we conclude that summary judgment was also warranted for want of evidence of pretext.

**III.**

Allen also challenges the district court's decision to strike from the summary judgment record as untimely the affidavit of vocational expert Timothy Kaver. Although we doubt that the court abused its discretion in excluding Kaver's affidavit, we need not resolve this issue because it is immaterial to our resolution of this case. Kaver's testimony concerned only whether Allen was disabled under the ADA, and we have already found that Allen's ADA claim fails even assuming that he is disabled.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.