# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1373

_____

Brian Brunke,                    *

                            *

    Plaintiff - Appellant,    *

                            *   Appeal from the United States

    v.                     *   District Court for the

                            *   District of Nebraska.

The Goodyear Tire and Rubber   *

Company,                 *

                            *

    Defendant - Appellee.    *

_____

Submitted:  June 19, 2003

Filed: September 29, 2003

_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

Brian Brunke appeals the district court's[1] grant of summary judgment dismissing his disability discrimination claims against his former employer, The Goodyear Tire and Rubber Co. Agreeing with the district court that Brunke's epilepsy is not a disability for purposes of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, we affirm.

_____

[1]The HONORABLE LAURIE SMITH CAMP, United States District Judge for the District of Nebraska.

After beginning work at Goodyear's Lincoln, Nebraska plant in 1986, Brunke was diagnosed with epilepsy in June 1987 and had a seizure at work in February 1988. Goodyear temporarily transferred him from his oiler position to a production job on the orders of a staff physician. When Brunke suffered another seizure at work in November 1989, the staff physician imposed medical restrictions and arranged his transfer back to the production job. Unhappy with the transfer, Brunke filed a charge of disability discrimination, which the Nebraska Equal Opportunity Commission dismissed one year later. In September 1992, based on Brunke's personal physician's assessment that his seizures were under control, the Goodyear staff physician modified Brunke's work restrictions. He was then transferred back to his oiler position, where he served without medical incident until his discharge.

Although Brunke was a capable worker, beginning in 1997 he had a series of confrontations and altercations with co-workers and supervisors. In October 1997 and January 1998, he engaged in arguments with a co-worker that caused Goodyear to remind both employees of its zero tolerance for threatening and violent behavior. In October 1998, Goodyear suspended Brunke for four days following a confrontation with his supervisor. In December 1998 and March 1999, Brunke argued with co-workers about work assignments. In February 2000, another heated confrontation caused Goodyear to issue written warnings to Brunke and a co-worker. In August 2000, Goodyear suspended Brunke for ten days after he wrote a threatening note and affixed it to a co-worker's locker with a "build knife," which has a six-inch blade. At this time, Brunke was warned that future incidents could result in discharge. After another confrontation with a co-worker in November 2000, maintenance manager Roger Gann recommended that Brunke be discharged. The human resources department investigated and supported the recommendation after two staff physicians advised they knew of no reason why Brunke's epilepsy would cause his misbehavior. Goodyear discharged Brunke in December 2000. His discharge grievance was denied after a hearing, and a complaint to the Nebraska Equal Opportunity Commission was

dismissed for lack of evidence supporting his charge of unlawful discrimination. This lawsuit followed.

Brunke's complaint alleges that Goodyear discharged him on the basis of a disability, his epilepsy, and a perceived disability, his substantially limiting emotional instability. The district court concluded that Brunke failed to establish a prima facie case of disability discrimination and failed to demonstrate that Goodyear's proffered nondiscriminatory reason for terminating him was a pretext for unlawful discrimination. We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Allen v. Interior Constr. Servs., Ltd., 214 F.3d 978, 981 (8th Cir. 2000).

To establish a prima facie case of disability discrimination, Brunke must present sufficient evidence that he suffers from a disability. The ADA defines disability as including both "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual," and "being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A), (C).

Goodyear concedes, as it must, that epilepsy is a physical impairment. See 29 C.F.R. § 1615.103(1)(ii). However, "[m]erely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002); see Aucutt v. Six Flags over Mid-Am., Inc., 85 F.3d 1311, 1318-19 (8th Cir. 1996). Determining whether a major life activity has been substantially limited is an individualized inquiry. Thus, "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures -- both positive and negative -- must be taken into account." Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999).

The summary judgment record is devoid of evidence that Brunke's epilepsy substantially limited one or more of his major life activities at the time he was discharged. Brunke had seizures at work in 1988 and 1989 that resulted in medical restrictions and a job transfer. But in 1992, his personal physician advised Goodyear that his seizures were under control, and Brunke returned to his former, more hazardous oiler position, which he performed well until his discharge. It is uncontroverted that Brunke suffered only one seizure at work between 1992 and 1996, and none thereafter. There is no evidence connecting his workplace behavior with his epilepsy, and no evidence that epilepsy substantially limited his major life activities outside the workplace. Thus, the summary judgment record in this case is unlike the trial record in Otting v. J.C. Penney Co., 223 F.3d 704, 709-11 (8th Cir. 2000), where we affirmed a jury verdict in favor of an ADA plaintiff whose epileptic seizures were not under control at the time of her termination despite surgery and medication. Rather, as in Aucutt, summary judgment dismissing this ADA claim was proper because Brunke "failed to present sufficient evidence to establish that the nature, duration, and long-term impact of his medical problems caused him to be substantially limited in a major life activity." 85 F.3d at 1319.

In the district court, Brunke also argued that he suffered from an ADA disability because Goodyear regarded him as having "substantially limiting emotional instability." This contention was not briefed on appeal and therefore was abandoned. In any event, it is without merit. The ADA definition of impairment "does not include common personality traits such as poor judgment or a quick temper where these are not symptoms of a mental or psychological disorder." 29 C.F.R. app. § 1630.2(h). Where there is no medical evidence of a mental or psychological disorder, as in this case, an employee does not establish a prima facie case of ADA "regarded-as" disability simply because he or she was disciplined or discharged for failure to get along with co-workers or supervisors. Likewise, the fact that Goodyear told Brunke to seek professional anger-control assistance after one confrontation does not establish that he was regarded as being disabled. "Employers need to be able to

use reasonable means to ascertain the cause of troubling behavior without exposing themselves to ADA claims . . . ." <u>Cody v. CIGNA Healthcare of St. Louis, Inc.</u>, 139 F.3d 595, 599 (8th Cir. 1998).

For the foregoing reasons, we agree with the district court that Brunke failed to establish a prima facie case of disability discrimination. Accordingly, the judgment of the district court is affirmed.

_____